IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN RICHARD KEYS,

    Plaintiff,

vs.     CIVIL NO. 01-1377 BB/LFG

CORNELL CORRECTIONS
OF TEXAS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE AS A SANCTION

THIS MATTER is before the Court *sua sponte*. On July 9, 2002, the Court issued an Order to Show Cause directing that Plaintiff John Richard Keys ("Keys") show cause, if any he had, why Rule 16 sanctions, including dismissal of his case with prejudice should not be entered as a result of his failure to comply with the Court's prior orders and as a result of his failure to appear for court proceedings. Keys was also directed to show cause, if any he had, why sanctions should not be imposed as a result of his failure to respond to outstanding discovery and why reasonable attorney fees and costs incurred by Defendant and Defendant's party representative should not be assessed against him. Keys was directed to submit a written response to the Court's Order to Show Cause, together with a supporting affidavit no later than July 29, 2002.

The Order to Show Cause was issued as a result of Keys' failure to comply with discovery obligations, as well as his failure to appear for a Fed. R. Civ. P. 16 settlement conference set for July 8, 2002.



Notwithstanding the Court's directive to Keys that he show cause by way of written response and supporting affidavit, he failed to submit any response to the Court's order and failed to request any additional time within which to comply. Under these circumstances, it is appropriate to impose sanctions. The determination of the appropriate sanction, however, is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is proper only in the cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal should be utilized. A dismissal with prejudice defeats a litigant's right of access to the courts, therefore, it is used only as a last rather than as a first resort.

The Tenth Circuit instructs trial courts to consider a number of factors prior to choosing dismissal as an appropriate sanction. Ehrenhaus v. Reynolds. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Id. at 921. It is with these factors in mind that the Court determines the appropriateness of the sanction in this case.

### Degree of Prejudice to Opposing Party

The Court considers the degree of prejudice to the Defendant. Keys failed to comply with his discovery obligations and has failed to respond to outstanding discovery. As a party, Keys is bound to provide information in support of his claims. Fed. R. Civ. P. 26 A party may not seek substantial damages, as Keys has done, and then deny the opposing party information necessary to

evaluate the claim or to defend itself at trial. Defendant is left to guess whether Keys has any evidence to support his contentions. While aware of the allegations in the complaint, Defendant is still forced to speculate as to many aspects of Keys' claims. The prejudice to Defendant includes increased costs and significant delays.

Because Keys did not provide needed discovery, Defendant is forced to spend more time and more money in learning about the claims. Defendant has prepared discovery requests which have gone unanswered, and Defendant was compelled to prepare for a Court-ordered conference at which Keys failed to show. Defendant clearly incurred costs and fees as a result of Keys' disregard of his obligations.

The delays caused by Keys' failure to comply with discovery obligations and this Court's orders, together with his non-compliance with the rules of civil procedure needlessly prolong this litigation. As a result, the goals of the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.* are thwarted. In the interim, a cloud of uncertainty hangs over Defendant's head. The Court concludes that Defendant has indeed been prejudiced by Keys' failures.

## Interference with the Judicial Process

Case management deadlines are imposed by the Court as a means of complying with congressional mandates under the CJRA. Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989). This Act is intended to minimize delay and to advance the ultimate disposition of litigation. Flanders, Case Management and Court Management in the United States Courts, Federal Judicial Center (1977).

As a result of Keys' failure to comply with discovery obligations and the rules of procedure and his failure to appear at court hearings, the Court's own ability to effectively manage this case

and bring it to a final disposition within a specified target date has been compromised. Keys' failures have already delayed the processing of this case and have increased litigation costs. Keys seems to believe that he is not bound by Court orders or directives and can disregard them in the same fashion as he has disregarded his obligations under the law.

The Court finds that Keys' acts and omissions significantly interfered with the judicial process.

## Culpability of the Litigant

If the failure to comply with discovery obligations or court directives is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987). Here, Keys represents himself. Thus, all failures to comply with discovery obligations, rules of procedure, the Court's local rules, as well as the directives and scheduling orders of the Court are his and the blame falls squarely on him rather than on an attorney.

## Prior Warning

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed. *See, e.g.,* Willner v. Univ. of Kan., 848 F.2d 1023 (10th Cir. 1988). The Court's July 9, 2002 Order to Show Cause specifically provides:

> Keys shall submit a written response to this Order to Show Cause, together with a supporting affidavit, no later than July 29, 2002. Failure to respond to the Court's Order to Show Cause may result in additional sanctions, including dismissal of his lawsuit. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

[Doc. 22, p. 2].

Thus, Keys was warned that sanctions for his non-compliance could include dismissal. Moreover, he was given ample opportunity to explain why sanctions shouldn't be imposed. <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458 (10th Cir. 1988). Keys chose not to file a response. The Court concludes that Keys has been appropriately warned by the Court of the potential consequences for his ongoing violations.

### **Efficacy of Lesser Sanctions**

Notwithstanding the Court's July 9, 2002 warning, Keys continues to disregard his obligations under the Federal Rules of Civil Procedure, his obligations to opposing counsel and to this Court. Further, when the Court ordered Keys to show cause why sanctions shouldn't be imposed, he ignored the Court's directive just as he has ignored his discovery obligations. Given his repeated failures and refusals to comply with Court directives, the Court has no optimism that he would comply with future directives if a lesser sanction was imposed.

After consideration of each of the <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims and this cause of action are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE